■ DAVID M. LEDY et al., Appellants, v J. SUZI WILSON et al., Defendants, and JONATHAN MOLIN, Respondent. [836 NYS2d 23]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about April 18, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiffs' cross motion for partial summary judgment, unanimously affirmed, with costs.

Plaintiffs have conceded that they cannot demonstrate damages attributable to any breach by defendant Jonathan Molin of

the agreement pursuant to which his employment with the U.S. Realty plaintiffs terminated. While it is true that a party may, under certain circumstances, vindicate its contractual rights through the recovery of nominal damages (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 96 [1993]), in view of the sparse evidence as to any breach of the separation agreement on the part of Molin, as well as the fact that plaintiffs themselves appear to have breached the agreement, and the proof showing that the agreement's noncompete provision, allegedly disclosed by Molin in violation of the agreement's confidentiality provisions, was commonly known by those practicing in the area of business in which the parties are engaged, it is clear that plaintiffs do not have a viable breach of contract claim as against Molin. In view of the nonviability of their contract claim, plaintiffs cannot be deemed to have prevailed in this action so as to enable them, pursuant to the separation agreement, to recover their costs and disbursements, including counsel fees. Concur—Saxe, J.P., Friedman, Williams, Buckley and Kavanagh, JJ.